IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01156-MSK-MJW

PETER M. DURANCEAU,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

___

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
___

      **THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(# 19)**, to which no response has been filed.

      The Plaintiff *pro se* brings an action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, to recover damages allegedly suffered when certain items of his personal property were not properly secured and subsequently lost by prison officials during a housing transfer at the United States Penitentiary in Florence, Colorado.  The Defendant moves to dismiss the action for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that the United States has not waived sovereign immunity in such cases.

      Pursuant to 28 U.S.C. § 2680(c), the United States' waiver of sovereign immunity with regard to tort claims does not apply with regard to "claim[s] arising in respect of ... the detention

of any . . . property by any officer of customs or excise or any other law enforcement officer." The Tenth Circuit has held that this statute bars a Federal Tort Claims Act claim by an inmate for the loss of property confiscated by prison officials and mailed out of the facility. *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002). Indeed, on facts essentially identical to those here– where prison officials allegedly lost an inmate's property during a housing transfer– the 10th Circuit in *Steele v. Federal Bureau of Prisons* affirmed the dismissal of the inmate's tort claim on sovereign immunity grounds. 355 F.3d 1204, 1213 (10th Cir. 2003).

Accordingly, the United States has not waived its sovereign immunity concerning the Plaintiff's claim, and thus, the Court lacks subject-matter jurisdiction over it. *Id.* The Defendant's Motion to Dismiss **(# 19)** is **GRANTED**, and the claim is **DISMISSED**. It appearing that there are no claims remaining from the Complaint, the Clerk of the Court is directed to close this case.

Dated this 10th day of August, 2005.

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge