IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01156-MSK-MJW

PETER M. DURANCEAU,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Letter (**# 21**), which the Court interprets as a motion for reconsideration. The Plaintiff, an inmate with the Federal Bureau of Prisons, commenced this action alleging a tort claim for the loss of certain personal property during a transfer between housing units, and on August 10, 2005, the Court dismissed (**# 20**) the action for lack of subject-matter jurisdiction, finding that the United States has not waived sovereign immunity for inmate claims relating to lost or damaged property.

The Plaintiff's Letter advises the Court of two matters: (i) that the Plaintiff was subject to transfer to another facility and therefore may have missed some correspondence from the Court; and (ii) that the Plaintiff has been told by a prison official that newly-provided

1

information may make it possible for him to file an administrative tort claim.

With regard to the first issue, the docket does not indicate substantial case activity occurred between the Plaintiff's transfer and the Court's ruling. Although the date of the Plaintiff's transfer is only described as "Fall 2004," the Court observes that between August 30, 2004, the date the Plaintiff last filed papers in this action– namely, a Notice of Appeal (# 10) of an interlocutory ruling– and the date of this Court's Order dismissing the case, the bulk of docket entries pertain to the dismissal of the Plaintiff's appeal and the service of process upon the Defendant. The only truly substantive filing is the Defendant's November 11, 2004 Motion to Dismiss (# 20), to which the Plaintiff did not respond. The Plaintiff's Letter does not state that the Plaintiff was somehow unaware of the Defendant's motion, nor assert that, had he been unaware, he was prepared to present a meritorious argument in opposition.

In any event, the Court notes that despite being transferred, the Plaintiff never informed the Court– and indeed, may not have informed opposing counsel– of his new address as required by D.C. Colo. L. Civ. R. 10.1(M). That rule requires that "Within ten days after any change of address or telephone number of any attorney or pro se party, notice of the new address and telephone number shall be filed." Because the Plaintiff failed to advise the Court of a current mailing address, any complaint that he was prejudiced by lack of notice of certain events is without merit.

Turning to the Plaintiff's second contention, that prison personnel have expressed a

willingness to consider an administrative claim, the Court finds that this fact does not warrant reconsideration of its prior ruling.  The Court's dismissal of this action was based on a failure of subject-matter jurisdiction; in other words, the Court does not have the authority to hear a claim for loss of an inmate's property.  Even assuming the Bureau of Prisons agrees to consider the Plaintiff's administrative claim, it cannot confer subject-matter jurisdiction on this Court to review the merits of the claim.  *See e.g. Steele v. Federal Bureau of Prisons*, 335 F.3d 1204, 1213-14 (10th Cir. 2003) (Bureau of Prisons does not waive sovereign immunity and permit court review by offering an unacceptable amount in settlement of inmate's claim).  In any event, to the extent that the Bureau of Prisons agrees to hear the Plaintiff's claim, it would render the Plaintiff's suit here moot, as exhaustion of the administrative process is a precondition to suits under the Federal Tort Claims Act.  28 U.S.C. § 2675; *McNeil v. U.S.*, 508 U.S. 106, 111 (1993).

Thus, the Plaintiff's Letter does not present facts or law warranting the Court's reconsideration of its prior ruling.  To the extent the Court considers the Letter (**# 21**) as a Motion for Reconsideration, it is **DENIED**.

Dated this 7th day of September, 2005.

**BY THE COURT:**

Marcia S. Krieger

United States District Judge